# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN ADKISSON, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>SHERIFF THOMAS DART, not in his )<br>official capacity but solely as )<br>SHERIFF OF COOK COUNTY, )<br>C/O BOANHEART, in his individual and )<br>His official capacity as an )<br>OFFICER OF COOK COUNTY, )<br>)<br>Defendant. ) | No. 1:09-cv-04558<br>Jury Trial Requested |

## SECOND AMENDED COMPLAINT

Plaintiff, John Adkisson ("Adkisson"), through his attorneys Jon Zimring and David I. Curkovic, complains against Defendants, Sheriff of Cook County Thomas Dart and Defendant Officer Boanheart ("Boanheart"), as follows:

### PARTIES

1. This action is brought pursuant to 42 U.S.C. § 1983, the Eighth and the Fourteenth Amendments to the United States Constitution. This action arises out of the assault and battery upon Adkisson on or about March 10, 2009, while he was in the custody of the Cook County Department of Corrections ("CCDC") at Division 5 located at 2700 South California Avenue, Chicago, Illinois 60608 (hereinafter "Division 5").

2. Adkisson is a citizen of the State of Illinois and currently resides in Chicago, Illinois.

DM1\2275646.1

3. On information and belief, Boanheart is a citizen and resident of the State of Illinois.

4. Boanheart is sued individually and in his official capacity as a correctional officer in the CCDC. Boanheart was, at all times relevant to this action, a correctional officer at the CCDC, acting in his official capacity in the performance of his duties within the scope of his employment as a correctional officer.

5. At all times relevant to this action, Boanheart was acting under color of law, including the United States and State of Illinois Constitutions, statutes, laws, charters, ordinances, rules, regulations, customs, and usages.

6. Sheriff Thomas Dart, not in his official capacity but solely as Sheriff of Cook County, oversees the policy development of the CCDC and the carrying out of those policies.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

8. Venue is appropriate under 28 U.S.C. § 1391(b) because this Court is in the judicial district in which a substantial part of the events and omissions which give rise to Adkisson's claims arose.

## FACTS

9. Adkisson is a transsexual in that Adkisson identifies with a sex (female) different from the physical or genetic sex into which Adkisson was born (male).

10. Division 5 contains holding units for pre-trial detainees and/or prisoners.

11. On or about March 10, 2009, Adkisson was placed in the male holding unit at Division 5 awaiting an appearance in bond court and was assigned the number 42.

12. While in the holding facility, another inmate made a derogatory statement towards Adkisson regarding Adkisson's status as a transsexual.

13. Adkisson verbally responded but was not causing any disturbance or disorder.

14. Boanheart entered the holding unit, made a derogatory comment towards Adkisson, and threatened to "turn [the other inmates] loose" on Adkisson if Adkisson did not stop speaking.

15. Adkisson responded that Boanheart's comments and conduct were inciting bad behavior.

16. In the presence of the other inmates in the holding cell, Boanheart proceeded to strike Adkisson twice in the head by swinging his fist.

17. After the assault and battery, Adkisson demanded to see a lieutenant in order to file a complaint. Boanheart commented that he had worked for the CCDC for twenty years, and that "there was nothing [Adkisson] could do."

18. Upon realizing that no disciplinary action would be taken against Boanheart, Adkisson requested to be placed in protective custody in Division 9, where Adkisson remained for four to five months.

19. The strikes to Adkisson's head resulted in bruising.

20. Adkisson also suffers from emotional and mental injuries that were caused by the physical injuries Adkisson sustained as a result of Boanheart's assault and battery.

## COUNT I
### (Against Boanheart)
**Cruel and Unusual Punishment in Violation of the Eighth Amendment**

3

DM1\2275646.1

21. Paragraphs 1 through 20 are incorporated by reference as if set forth fully herein.

22. The assault and battery upon Adkisson was calculated neither to end a disturbance nor to restore order, but instead was inflicted maliciously and sadistically for the sole purpose of causing harm to Adkisson and with a knowing willingness and deliberate indifference that harm would occur.

23. Defendant Boanheart willingly engaged in the assault and battery upon Adkisson and did so with the knowledge that his actions were wrongful and violated Adkisson's constitutional and common law rights. Specifically, the assault and battery upon Adkisson constituted cruel and unusual punishment.

24. Boanheart violated Adkisson's rights under the Eighth Amendment to the United States Constitution by assaulting and battering Adkisson and by denying Adkisson depriving Adkisson of his right to be free from cruel and unusual punishment.

25. Boanheart acted in an unreasonable, malicious, wanton, reckless, willful, and oppressive manner.

26. Adkisson sustained physical and mental injuries and damages as a result of the actions of Boanheart.

27. Therefore, Adkisson is entitled to relief under 42 U.S.C. § 1983, *et seq*.

WHEREFORE, Adkisson requests that this Court grant him the following relief on Count I above:

- Compensatory damages in an amount to be determined by a jury trial;
- Punitive Damages in an amount to be determined by a jury trial;
- Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

- Injunctive relief to include revisions to the CCDC's customs and policies to ensure humane treatment of the inmates, including transsexual inmates;
- Pre-judgment and post-judgment interest; and
- Such other and further relief as this Court deems just.

## COUNT II
### (Against Boanheart)
### Punishment in Violation of the Fourteenth Amendment

28. Paragraphs 1 through 20 are incorporated by reference as if set forth fully herein.

29. The assault and battery upon Adkisson was calculated neither to end a disturbance nor to restore order, but instead was inflicted maliciously and sadistically for the sole purpose of causing harm to Adkisson and with a knowing willingness and deliberate indifference that harm would occur. Specifically, the assault and battery upon Adkisson constituted punishment.

30. The assault and battery by Boanheart upon Adkisson was not reasonably related to a legitimate and non-punitive governmental goal.

31. Boanheart violated Adkisson's rights under the Fourteenth Amendment to the United States Constitution by punishing Adkisson, thereby denying and depriving Adkisson of his liberty and property without due process of law.

32. Therefore, Adkisson is entitled to relief under 42 U.S.C. § 1983, *et seq*.

WHEREFORE, Adkisson requests that this Court grant him the following relief on Count II above:

- Compensatory damages in an amount to be determined by a jury trial;
- Punitive Damages in an amount to be determined by a jury trial;
- Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

5

- Injunctive relief to include revisions to the CCDC's customs and policies to ensure humane treatment of the inmates, including transsexual inmates;
- Pre-judgment and post-judgment interest; and
- Such other and further relief as this Court deems just.

### COUNT III
### (Against The Sheriff of Cook County)
### Punishment and Cruel and Unusual Punishment in Violation of the Eighth and Fourteenth Amendments

33. Paragraphs 1 through 20 are incorporated by reference as if set forth fully herein.

34. The Sheriff of Cook County maintained, operated and managed the CCDC.

35. The CCDC has promulgated and operated pursuant to certain customs and policies ("customs and policies").

36. As a result of these customs and policies, Boanheart assaulted and battered Adkisson.

39. On information and belief, the CCDC has done nothing to address, correct, or discipline Boanheart for his knowingly violent behavior.

40. As a result of the CCDC's customs and policies, Adkisson has suffered from punishment and cruel and unusual punishment in violation of his Eighth and Fourteenth Amendment rights.

41. Therefore, Adkisson is entitled to relief under 42 U.S.C. § 1983, *et seq.*

WHEREFORE, Adkisson requests that this Court grant him the following relief on Count IV above:

- Compensatory damages in an amount to be determined by a jury trial;
- Punitive Damages in an amount to be determined by a jury trial;

- Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;
- Injunctive relief to include revisions to the CCDC's customs and policies to ensure humane treatment of the inmates;
- Pre-judgment and post-judgment interest; and
- Such other and further relief as this Court deems just.

Respectfully submitted,

JOHN ADKISSON

By: _____
One of his Attorneys

Jon Zimring, Esq.
David I. Curkovic, Esq.
190 S. LaSalle St.
Suite 3700
Chicago, Illinois 60603
Phone:(312) 499-6700
Fax: 312-499-6701

7

DM1\2275646.1