AEE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN ADKISSON, <br><br> Plaintiff, <br><br> v. <br><br> SHERIFF TOM DART and OFFICER BOANHEART, <br><br> Defendants. | No. 09 C 4558 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Adkisson brought suit pursuant to 42 U.S.C. § 1983 against Defendants, Sheriff Thomas Dart of Cook County and Officer Boanheart of the Cook County Department of Corrections ("CCDC"), after Boanheart physically assaulted Adkisson. Before the Court is Defendants' Motion to Dismiss.

### BACKGROUND

The following facts are taken from Plaintiff's Second Amended Complaint and are assumed to be true for purposes of this motion.

Adkisson is a transsexual, identifying himself as a female though he is physically male. At all times relevant to this case, Adkisson was in the custody of the CCDC. On March 10, 2009, Adkisson was placed in a male holding cell, awaiting an appearance in bond court. While Adkisson was in the holding cell, another inmate made a derogatory statement regarding Adkisson's transsexual status. Adkisson responded verbally but did not cause any disturbance or disorder. Officer Boanheart entered the holding cell and made a derogatory comment towards Adkisson. Boanheart threatened to turn the other inmates loose on Adkisson if Adkisson did not stop speaking. Adkisson responded that

Boanheart's comments and conduct were inciting bad behavior. Boanheart then struck Adkisson twice in the head by swinging his fist.

After the assault, Adkisson demanded to see a lieutenant to file a complaint. Boanheart responded that he had worked at the CCDC for twenty years and that there was nothing that Adkisson could do. Adkisson then requested to be placed in protective custody, where he remained for four to five months. Adkisson suffered bruising from the assault, as well as emotional and mental injuries.

Adkisson's Second Amended Complaint alleges three claims: cruel and unusual punishment in violation of the Eighth Amendment against Boanheart (Count I); punishment in violation of the Fourteenth Amendment against Boanheart (Count II); and violation of the Eighth and Fourteenth Amendments against Sheriff Dart (Count III).

## LEGAL STANDARD

In ruling on a motion to dismiss the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff's allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court."

*E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544, 127 S. Ct. at 1965, 1973 n. 14).

## ANALYSIS

Defendants argue that all claims brought against them in their official capacities must be dismissed because Plaintiff has not sufficiently alleged that the violations resulted from an official custom, policy or practice. "When a plaintiff sues an individual officer in his official capacity, the suit is treated as if the plaintiff has sued the municipality itself." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). "To state a claim against a municipality under § 1983, a plaintiff must identify a municipal policy or custom that caused the injury." *Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (*Monell*)).

In Plaintiff's response brief, Plaintiff argues that the Second Amended Complaint alleges "it is the custom of the CCDC to allow unprovoked assaults by correctional officers upon prisoners in custody to go unchecked and unpunished if the correctional officer has enough seniority." Resp. ¶ 5. Unfortunately for Plaintiff, neither the existence of this custom nor its causal connection to Plaintiff's injury is alleged in the Second Amended Complaint. In Count III, Plaintiff alleges that "[t]he CCDC has promulgated and operated pursuant to certain customs and policies" and that "[a]s a result of these customs and policies, Boanheart assaulted and battered Adkisson." Compl. ¶¶ 36, 37. However, Plaintiff does not state what these *certain* customs or policies are. Earlier in the Complaint, Plaintiff did allege that Boanheart had told Plaintiff that because of Boanheart's long tenure with the CCDC, there was nothing Plaintiff could do about the assault. But the Complaint does nothing to connect this

3

allegation to Plaintiff's later assertion that a custom or policy of the CCDC caused Plaintiff's injury.

Therefore, Defendant's motion to dismiss is granted with respect to Plaintiff's claims against Sheriff Dart and with respect to Plaintiff's claims against Officer Boanheart in his official capacity.

Defendants also argue that Plaintiff's request for prejudgment interest is impermissible. Defendants cite *Winfield v. Murcia*, 1982 U.S. Dist. LEXIS 16476, at *15 (N.D. Ill. Dec. 7, 1982) (*Winfield*), to argue that prejudgment interest is inappropriate. However, as Plaintiff points out, *Winfield* does not cite any authority to support its holding. More recently, the Seventh Circuit has held that prejudgment interest is "presumptively available to victims of federal law violations." *RK Co. v. See*, 622 F.3d 846, 853 (7th Cir. 2010) (citing *Gorenstein Enterprises, Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989)). Therefore, Defendants' motion is denied with respect to prejudgment interest.

Finally, Defendants also moved to dismiss Plaintiff's request for injunctive relief and Plaintiff's request for punitive damages against Sheriff Dart. Plaintiff concedes that this relief is improper. Defendants' motion is therefore granted in these respects.

## CONCLUSION

For the above-stated reasons, Defendants' motion is denied in part and granted in part. Plaintiff's claims against Defendant Dart and against Defendant Boanheart, acting in his official capacity, are hereby dismissed. Plaintiff's request for injunctive relief and request for punitive damages against Defendant Dart are denied. Defendant's motion to strike Plaintiff's request for prejudgment interest is denied.

Plaintiff is granted leave to file an amended complaint within fourteen days of this Order if he can do so consistent with the requirements of Rule 11.

Dated: January 20, 2011

JOHN W. DARRAH
United States District Court Judge